663 So.2d 749 (1995)
Louis WILLIAMS
v.
HOSPITAL SERVICE, INC., d/b/a West Jefferson Hospital.
No. 95-CA-214.
Court of Appeal of Louisiana, Fifth Circuit.
September 20, 1995.
Rehearing Denied December 18, 1995.
*751 Melvin Ripp, Jr., Gretna, for defendant/appellant.
Joseph G. Albe, New Orleans, for plaintiff/appellee.
Before GOTHARD and CANNELLA, JJ., and CHEHARDY, J., Pro Tem.
CANNELLA, Judge.
Both parties appeal from the judgment rendered in this worker's compensation action between the plaintiff/employee, Louis Williams (Williams), and the defendant/employer, Hospital Service District No. 1 of Jefferson Parish d/b/a West Jefferson Medical Center (West Jefferson). For the reasons which follow, we amend the penalty award and affirm the Office of Workers' Compensation (OWC) judgment, as amended.
Williams was hired by West Jefferson on or about September 1, 1989. In his employment he worked in the linen department. Williams contends that on November 8, 1989, during the course of his employment, he was pulling a linen cart that weighed about one hundred (100) pounds, when he felt a pulling sensation and pain in his lower back. The accident was unwitnessed. He immediately reported the incident to his supervisor, who sent him to the company physician to be examined. Essentially, West Jefferson paid for Williams' medical treatment and expenses and paid compensation benefits to him from the date of the accident through April 1, 1990. Then, upon receiving what they considered to be negative findings of objective evidence of a physical injury, compensation payments were terminated.
On May 1, 1990, Williams filed this claim against his employer with OWC. After additional medical treatment and tests were authorized, ordered paid by the court and conducted, trial was held in this matter.
Following trial on December 8, 1993, judgment was rendered on March 25, 1994. It was determined that Williams did suffer a work related injury on November 8, 1989 and that he was entitled to temporary total disability benefits from November 8, 1989 through April 2, 1990. However, Williams failed to meet his burden of proving, by clear and convincing evidence or by a preponderance of the evidence, that the November 8, 1990 injury caused him any period of disability after April 2, 1990. Thus any further benefits were denied. The judgment held that West Jefferson was not arbitrary and capricious in its termination of benefits after April 2, 1990, but that they were arbitrary and capricious in their refusal to pay certain medical expenses that had been previously ordered by OWC. Accordingly, penalties were assessed of $1,000 and attorney's fees of $1,000. Finally, the judgment held that West Jefferson must pay all medical expenses incurred between November 8, 1989 and April 2, 1990 together with those additional medical expenses for treatment and diagnostic testing ordered by previous OWC court orders. It is from this judgment that both parties appealed.
West Jefferson presents two main arguments on appeal. First it argues that the administrative court erred in ruling that *752 Williams was entitled to $1,000 in penalties and $1,000 in attorney's fees upon finding that West Jefferson was arbitrary and capricious in its refusal to pay for Williams' medical treatment by a doctor of his choice and to pay for that doctor's recommended diagnostic tests. West Jefferson also argues that the administrative court erred in not assessing costs, sanctions and attorney's fees against Williams for filing false or fraudulent claims.
Williams argues to the contrary that the only error in the administrative court's assessment of penalties and attorney's fees against West Jefferson is that the assessment is too low. Williams notes that under the Workers' Compensation Act, La.R.S. 23:1203, an employer is required to furnish all necessary and reasonable medical treatment and expenses that arise from an employee's work related injury. Further, under La.R.S. 23:1121(B), the Act gives the employee the right to choose one physician of his own without the approval of the employer. Thus, Williams contends that the administrative court was correct in finding that West Jefferson was arbitrary and capricious in its refusal to pay for the medical treatment by Williams' chosen physician and in refusing to pay for the diagnostic tests that the physician deemed necessary for an accurate assessment of the patient's condition. Williams argues further that the assessment of penalties and attorney's fees was deficient in view of the evidence submitted which shows over one hundred ninety-three (193) hours of legal work. Williams denies any liability for costs, sanctions and attorney's fees by pointing out that the sanction provision, La.R.S. 23:1208 was enacted subsequently to his injury and is not applicable to his case. Finally, Williams argues that the administrative court erred in holding that the November 8, 1989 injury did not cause him any disability beyond April 2, 1990.
After reviewing the records, exhibits and arguments of both parties, we find no error in the administrative court judgment and affirm it.
First, it must be noted that the administrative court finding of a work related injury and disability from November 8, 1989 to April 2, 1990 has not been contested and is, therefore, final. The only issue before this court concerning Williams' disability is whether the administrative court erred in concluding that Williams did not meet his burden of proving disability beyond the April 2, 1990 date.
It is well settled that, on appellate review of a factual determination, the reviewing court may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Also, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
The hearing officer was called upon to make credibility determinations and was influenced by certain medical findings in concluding that Williams had suffered a work related injury that resulted in his temporary disability that lasted only through April 2, 1990. This determination is supported by the record and we find no manifest error in the judgment in that regard.
Williams was first examined by Dr. Howard Nelson, who found that Williams had a pulled muscle in his back and put him on light duty. By April 2, 1990, Dr. Nelson released Williams to return to work on full duty since Williams had reached maximum medical improvement. Williams next went to an orthopedic specialist, Dr. Chris J. DiGrado. Williams had a Magnetic Resonance Imaging Test (MRI) on January 5, 1990 and a Bone Scan on January 9, 1990. The MRI results were negative or normal. The results *753 of the bone scan indicated that there were no findings of any pathologic significance that the skeletal bones did not reveal any areas of abnormal localization, nor was there any abnormal soft tissue localization seen. The results were normal.
Williams consulted a general practitioner of his choice, Dr. Charles S. Simmons, who found tenderness in the back area and diagnosed a lumbar strain. He felt that Williams could only do light duty work. He started conservative treatment with the recommendation that Williams be examined by an orthopedist.
Eventually, Williams did see an orthopedist of his choice, Dr. Windsor Dennis, who recommended that several diagnostic tests be conducted to fully evaluate Williams' condition, and his continual complaints of pain. Based on that recommendation, another MRI was conducted on June 17, 1993 by Dr. R. Robert Smith. The test was negative. A lumbar myelogram was conducted by Dr. Gerald Tassin on June 18, 1993 which was negative. Also, Dr. Austin Sumner conducted an electromyography (EMG) and found no evidence of compression of the nerve roots. No evidence of disability was found.
In reasons for judgment, the administrative judge found:
The conflicts in the claimant's sworn testimony are too numerous to delineate herein. The claimant's lack of truthfulness, coupled with the testimony, medical evidence and facts overwhelmingly gives the claimant serious credibility problems. Since all the medical tests were negative, the subjective complaints of pain by claimant are questionable. The evidence is clear and convincing that there was no disability after April 2, 1990.
After conducting our own review of the testimony and medical evidence, we find that the determinations by the administrative court are fully supported by the record and were not manifestly erroneous. Williams' arguments, to the contrary, lack merit. Therefore, we affirm the administrative court judgment holding that Williams' disability did not extend beyond April 2, 1990.
Likewise, we find no manifest error in the administrative court's determination concerning penalties and attorney's fees owed by either party.
The administrative judge found that West Jefferson was arbitrary and capricious in its refusal to pay for medical treatment and tests as previously ordered by OWC. West Jefferson was assessed penalties in the amount of $1,000 and attorney's fees in the amount of $1,000.
West Jefferson argues that the administrative court erred in this ruling in view of the fact that it found that Williams' disability did not extend beyond April 2, 1990. Therefore, West Jefferson argues that the medical treatment and tests administered after that date were not necessary and reasonably related to the work injury as required by statute to be compensable. Therefore, they should not have been found arbitrary and capricious in their refusal to pay for them. We disagree.
As previously held by this court, an employer's compensation liability is a separate matter from the employer's liability for medical expenses. Butler v. Overnite Transp. Co., Inc., 444 So.2d 676 (La.App. 5th Cir.1984). In the instant case, while it is true that the ultimate decision of the administrative judge was that the claimant did not prove his disability beyond April 2, 1990, that does not mean that medical treatment and diagnostic tests administered after that date were not compensable. To the contrary, it is precisely those tests, administered to evaluate the claimants condition, that provided the information from which the court concluded that his disability did not continue.
Moreover, in the instant case, the parties had previously presented arguments to the OWC concerning payment of these medical expenses and OWC had ordered that West Jefferson authorize and pay for that medical treatment and diagnostic tests. To continue to refuse payment, in the face of the OWC ruling, was arbitrary and capricious as found by the administrative judge herein. We agree, find no error in this ruling and affirm it.
*754 Williams argues that the $1000 assessed for attorney's fees was grossly inadequate in view of their submission evidencing over 193 hours of legal work. He also argues that the $1000 assessed as penalties was deficient.
The assessment of attorney's fees by the administrative judge upon finding that the employer was arbitrary and capricious is largely a matter within the judge's wide discretion and will not be reversed on appeal absent a showing of abuse of that discretion. Reynolds v. Wal Mart Stores, Inc., 445 So.2d 490 (La.App. 2nd Cir.1984); Condall v. Avondale Shipyards, Inc., 436 So.2d 595 (La.App. 4th Cir.1983). No such showing of abuse was made in this case.
The administrative court specifically found that West Jefferson was not arbitrary and capricious for terminating the compensation payments, but was only arbitrary and capricious "in its refusal to pay for the medicals as ordered by the Court on February 6, 1992." Thus, a large portion of the legal work done on Williams' behalf was not covered by the finding that the employer was arbitrary and capricious in refusing to pay those certain medical bills. The administrative judge was in the best position to evaluate the degree of culpability of the employer and assess the appropriate attorney's fees due under the circumstances presented, and we find no abuse of discretion in the ruling in that regard.
Similarly, concerning the $1000 penalties, these were assessed solely on the limited finding that defendant was arbitrary and capricious in refusing to pay the medical expenses ordered on February 6, 1992. Penalties were not assessed for any other acts of defendant.
La.R.S. 23:1201(E) sets out the penalty provision in the act. La.R.S. 23:1201(E) provides for a twelve percent (12%) penalty on any compensation or medical benefit that the employer/insurer fails to timely pay, unless the employee's right to such compensation or benefit has been "reasonably controverted." La.R.S. 23:1201.2 subjects the employer or insurer to the imposition of reasonable attorney's fees when the failure to pay any worker's compensation claim within sixty (60) days of notice is found to be arbitrary, capricious or without probable cause. The jurisprudence has held that an employer or insurer may avoid the imposition of penalties and attorney's fees if it relies upon "competent medical advice" in the decision not to guarantee the payment of a recommended medical treatment. Landry v. Central Industries, Inc., 592 So.2d 478 (La.App. 3 Cir.1991), writ denied, 593 So.2d 381 (La.1992).
In the instant case, defendant cannot show that his failure to pay for plaintiff's medical expenses and diagnostic tests was reasonable because the payment was ordered by the court in a preliminary hearing. At that point, defendant was required to pay the medicals as ordered and his failure to comply with the OWC court orders supports a finding that defendant acted arbitrarily and capriciously in its refusal to pay these expenses. Therefore, defendant was properly assessed penalties for this arbitrary refusal to pay the medical expenses, but said penalties should have been set, as per the statute, in the amount of 12% of the amount due or $50 per calendar day for each day in which any medical benefits owed remained unpaid, whichever is greater, but not to exceed two thousand dollars in the aggregate. La.R.S. 23:1201(E).
Accordingly, the penalty award of $1000 is set aside and penalties are awarded for the medical expenses defendant refused to pay "as ordered by the court on February 6, 1992," as provided by La.R.S. 23:1201(E).
West Jefferson argues that the administrative judge erred in not assessing penalties, sanctions and attorney's fees against Williams. We find no merit to this argument.
As correctly held by the administrative judge, the sanction provision of the Worker's Compensation Act, La.R.S. 23:1208, upon which West Jefferson relies, is not applicable to the instant case. The statute was amended by Acts 454 of 1989, effective January 1, 1990. The accident in question occurred on November 8, 1989. Therefore, the administrative judge was correct in holding *755 that the provision is not applicable to the instant case because the injury occurred prior to the effective date of the provision.
To prevail on its request for attorney's fees and costs, West Jefferson must prove by clear and convincing evidence and conclusive proof that Williams was simply a malingerer, or that there was absolutely no merit to his claim. The record in this case does not support such a finding. Williams had consistent complaints of pain, documented and treated by Dr. Simmons who testified that he found objective symptoms of spasm in Williams' back area.
The administrative judge denied West Jefferson's request for attorney's fees, and, under the facts presented, we find no manifest error in that ruling.
Accordingly, for the reasons set out above, we amend the penalty award and order that the penalties be assessed as provided by law [La.R.S. 23:1201(E)] and, as amended, affirm the OWC judgment.
AMENDED AND AFFIRMED AS AMENDED.