704 So.2d 356 (1997)
Nanette HUNTSBERRY, Plaintiff-Appellant,
v.
MARTIN MILLS, INC., Defendant-Appellee.
No. 97-641.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1997.
Harold Dewey Register Jr., Lafayette, for Nanette Huntsberry.
*357 Samuel Robert Aucoin, Lafayette, for Martin Mills, Inc.
Before DECUIR, PETERS and GREMILLION, JJ.
DECUIR, Judge.
In this workers' compensation case the claimant, Nanette Huntsberry, appeals a decision of the workers' compensation judge finding that her employer, Martin Mills, Inc., properly terminated her workers' compensation benefits. For the reasons that follow, we affirm.

FACTS
The parties stipulated that Huntsberry sustained a work-related injury on April 7, 1994, while working as a seamstress for Martin Mills. Martin Mills paid temporary total disability benefits (TTD) for fourteen weeks, totaling $2,522.00, and medical payments of $4,798.00.
Huntsberry was released to light-duty work with her employer in July 1994. Martin Mills notified Huntsberry by letter on July 19, 1994, that such work was available. She reported to her employer for modified work, but stayed only a couple of hours, claiming she could not do the work because of pain. Martin Mills terminated workers' compensation benefits. Huntsberry eventually obtained employment with Winn Dixie and at the time was working forty hours a week as a customer service manager.
Huntsberry was treated by numerous physicians both of her choosing and at the request of Martin Mills. None of these physicians made an objective finding of disability. MRI scans proved normal. Dr. Clifton Shepherd, Martin Mills' choice of an orthopedic specialist, indicated that Huntsberry gave the most theatrical reaction to an examination that he had seen in many years. He also refused to prescribe medication for her. Dr. John Humphries, an orthopedic specialist chosen by Huntsberry, found no objective evidence of disability and indicated she became extremely agitated when he suggested that her problem was at least partially emotional. Dr. John Cobb, Huntsberry's second choice of an orthopedic specialist, noted that she overreacted during examination and declined to schedule a return visit.
Huntsberry also received treatment from a physical therapist and a pain management specialist, neither of whom detected objective findings of injury. Finally, Huntsberry took part in a functional capabilities evaluation and was determined to be a "symptom magnifier" by the examiner.
After hearing the evidence and evaluating the credibility of the witnesses, the workers' compensation judge found that Martin Mills' termination of benefits was appropriate. Huntsberry lodged this appeal, alleging the workers' compensation judge erred in so finding.

DISCUSSION
On appeal, Huntsberry alleges that the workers' compensation judge erred in holding that Martin Mills acted appropriately in terminating her temporary total disability benefits.
The manifest error standard of review is applicable to workers' compensation cases. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94); 630 So.2d 706 (La.1994). The workers' compensation judge's assessments of the credibility of witnesses or the weight of the medical evidence are not to be disturbed unless clearly wrong. Virgil v. American Guarantee & Liab. Ins. Co., 507 So.2d 825 (La.1987). Furthermore, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. Novak v. Texada, Miller, Masterson & Davis Clinic, 514 So.2d 524 (La.App. 3 Cir.), writ denied, 515 So.2d 807 (La.1987).
In order to prove entitlement to temporary total disability, an employee must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment. La.R.S. 23:1221(1)(c). Clear and convincing evidence is a heavier burden than the "preponderance of the evidence" standard but is less than the "beyond a reasonable doubt" standard. Bundren v. Affiliated Nursing Homes, Inc., 94-808 (La.App. 3 Cir. 2/1/95); 649 So.2d 1177.
*358 The workers' compensation judge's reasons for judgment indicate clearly that she did not find Huntsberry credible. Additionally, the workers' compensation judge found that Huntsberry's medical complaints were not convincing. Specifically, she noted the reports of Huntsberry's chosen physicians regarding the lack of objective findings and the excessive complaints of pain.
Finally, while on the stand at trial, Huntsberry first acknowledged receiving a letter from Martin Mills notifying her of the modified job offer and then shortly thereafter vociferously denied receiving the letter. The workers' compensation judge indicated in her reasons that she believed Huntsberry was lying to the court and, therefore, discounted her testimony completely. Huntsberry contends that there was confusion over the letter and the workers' compensation judge misconstrued her testimony. This argument carries no weight with this court. The workers' compensation judge is in a better position to evaluate a witness' veracity than is the appellate court. Our review of the record reveals no reason to reverse the workers' compensation judge's credibility determination. Both the testimony of the claimant and the reports of her doctors support the workers' compensation judge's determination that her claim is not credible and that Martin Mills properly terminated workers' compensation benefits.

CONCLUSION
For the foregoing reasons the judgment of the workers' compensation judge is affirmed. All costs of this appeal are taxed to the claimant, Nanette Huntsberry.
AFFIRMED.