2CANNELLA, Judge.
Plaintiff, Hershel Langley, appeals from a judgment dismissing his claim against defendant, his employer, Bechtel Company (Bechtel), for workers compensation benefits. We affirm.
Plaintiff is a welder who was hired to do “turn around” work at Waterford Three, the *1235 nuclear plant of Entergy Operations, Inc. The job was to take six weeks. On September 6, 1995, around 8:00 a.m., plaintiff entered the building and went through the security gate. As he reached to retrieve his belongings from a tray, a small metal ceiling the fell, hitting the outside of his elbow. Plaintiff went to the company doctor, Dr. Lawrence McManus, complaining of numbness and tingling along the ulnar distribution, mainly affecting the fourth and fifth fingers. The doctor examined him and sent him back to work. On the 13retum slip, the doctor scratched out the words, “without restrictions.” Plaintiff returned the next day with similar complaints. After seeing Dr. McManus, he went back to work, but left at 1:00 p.m. because he was unable to weld with one hand. Dr. McManus referred him to Dr. John Cazale, an orthopedic surgeon, who he saw on September 8,1997, two days after the incident. Plaintiff did not return to the job, claiming that he was having pain in the left arm and unable to weld with one hand. Bechtel then offered him a light duty job handling telephone calls, which he did not accept, alleging that the Bechtel representative did not tell him how much he would be paid. Plaintiff was subsequently seen by several other doctors, including two neurologists.
Plaintiff filed a disputed claim for compensation on September 21,1995. On December 2, 1996, the matter was tried and the case taken under advisement. Judgment was rendered on January 6, 1997 in favor of defendant.[1]
On appeal, plaintiff first asserts that the hearing officer erred in failing to have a hearing on Bechtel’s Motion to Exclude the deposition testimony of Dr. Maria Palmer. Second, plaintiff contends that Dr. Palmer’s testimony will show that plaintiff is temporarily and totally disabled and entitled to benefits and medical treatment. Third, plaintiff asserts that Bechtel’s actions warrant the assessment of penalties and attorney’s fees under La. R.S. 28:1201(E). Fourth, plaintiff argues that a new trial should be granted in light of the report of Bechtel’s neurologist, Dr. Hugh Flemming, which was not submitted until one 14week prior to trial, which corroborated the testimony of Dr. Palmer.
Plaintiff first complains that the hearing officer erred in failing to have a hearing on Bechtel’s Motion to Exclude the deposition testimony of Dr. Palmer.
The record, reflects that Bechtel objected to the introduction of the deposition at the beginning of the trial because it was not listed on the pre-trial statement and because plaintiff neglected to bring the deposition to the hearing. After an out-of-court conference, on the record, counsel for plaintiff offered the deposition into evidence “to be provided within five days.” When the deposition was not provided within five days, or by December 9,1996 by Bechtel’s allegations, Bechtel filed the Motion to Exclude the Deposition. The motion claimed that Bechtel discovered after the trial that the deposition had not even been transcribed on the date of trial, but, nonetheless, plaintiff received it on December 9, 1996 and failed to provide it to the court as agreed. The hearing officer granted the motion on December 12, 1996.
The hearing officer held the case open for the plaintiff to file his medical evidence within a certain time period. Post-trial briefs were ordered to be submitted by December 9,1996. Plaintiff failed to submit the deposition within the time frame to which he agreed at trial. Under these fácts, plaintiff was not entitled to a contradictory motion. Furthermore, we find no error in the hearing officer’s granting of the motion to exclude the evidence.
*1236 In light of this finding, the next specification of error is moot, since Dr. Palmer’s deposition is not admissible.
In the third specification of error, plaintiff asserts that Bechtel’s actions warrant the assessment of penalties and .attorney’s fees under La. R.S. 23:1201(E).
|5PIaintiff bears the burden of establishing the causal connection between the disability and the accident in a workers compensation action, by a reasonable preponderance of the evidence. Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303, 1306-07; Cochennic v. Dillard’s Dept. Store Warehouse, 96-706 (La.App. 5th Cir. 1/17/96); 668 So.2d 1161, 1166; writ denied, 96-C-0419 (La.3/15/96); 669 So.2d 417. Additionally, the appellate court’s review is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Cochennic v. Dillard’s Dept. Store Warehouse, 668 So.2d at 1161.
In order to obtain attorneys’ fees and penalties, plaintiff must prove that Bechtel was arbitrary and capricious in refusing to provide benefits and medical expenses. Williams v. Hospital Service, Inc., 95-214 (La.App. 5th Cir. 9/20/95); 663 So.2d 749, 754. La. R.S. 23:1201 F(2) states that the penalty provision does not apply if the claim is reasonably controverted or the non-payment results from conditions over which the employer has no control. The determination of whether penalties and attorney fees are due is within the discretion of the trial court. Williams v. Hospital Service, Inc., 663 So.2d at 754.
Two doctors testified at the hearing, Dr. McManus and Dr. Cazale. Both stated that plaintiff claimed that he was struck on the outer elbow or radial nerve area, but that his complaints were to the ulnar nerve area, which is on the inside of the arm. Dr. Mc-Manus further stated that plaintiffs arm showed no signs of injury when he first examined him. He believed that plaintiff was a “problem” employee. After plaintiff went to see him again the second day after the incident, he referred plaintiff to Dr. Ca-zale for that reason. Dr. McManus stated that he ^thought plaintiff was malingering.
Dr. Cazale saw plaintiff two days after the accident. He testified that x-rays taken at Ochsner Medical Center ruled out broken bones. He concluded that plaintiff sustained a contusion and had some inflammation to the lateral aspect, or tennis elbow. He felt plaintiff was able to perform light duty work, but agreed with Dr. McManus that there was no way that the injury to the outside of the elbow could have affected the ulnar nerve area. Both doctors found no correlation between the described injury and the complaints.
In addition, Bechtel immediately offered plaintiff a light duty position as a telephone operator, which plaintiff refused because he said that the representative which he talked with did not know how much money he would be making. Bechtel also sent plaintiff to a vocational rehabilitation counselor to determine what he could do. The testimony of Marianna Hixon, RN, a managed care consultant for Bechtel, indicated that Bechtel has a strong policy to help workers get back to work. Corinne Gelpi, the vocational rehabilitation counselor assigned to plaintiff’s case, gave plaintiff’s doctors written job descriptions for light duty work involving computer drafting. In the documents, the doctors were asked if plaintiff could perform the tasks. All of the doctors responded that he could perform the described jobs. Plaintiff was not sent a letter advising him of these jobs because, by that time, he had obtained employment with Brown & Root, performing light work. He was still employed on the date of trial. The evidence also showed that, through his union, plaintiff attempted employment at other companies between the date of the injury and the trial date. However, he was not able to stay on those jobs because once he got there, they wanted him to weld, which he could not do because of the pain in his arm. In addition, after the 17accident, he had participated and completed a computer course provided by the Louisiana Workers Assistance Program in Baton Rouge, Louisiana.
In this case, the evidence supports the hearing officer’s conclusion that plaintiff failed to prove that the injury was caused by the accident. Furthermore, plaintiff did not *1237 produce any evidence at trial to show what Bechtel relied on for its refusal and whether that reliance was justified. The evidence only shows that Dr. McManus and Dr. Cá-zale did not believe that the injury was related to the accident. It further showed that Bechtel offered employment to plaintiff within his capabilities, which he refused, and was in the process of assisting him to find employment that he could perform. Under these facts, we find that Bechtel was not arbitrary and capricious in failing to pay benefits and medical expenses. Thus, plaintiff is not entitled to penalties and attorneys fees.
Finally, plaintiff argues that a new trial should be granted because Bechtel did not provide the medical findings of its neurologist, Dr. Hugh Flemming, until one week prior to trial and it was too late to subpoena the doctor. Plaintiff contends that the report corroborated the testimony of Dr. Palmer. He asserts that since he could not subpoena the doctor and Dr. Palmer’s deposition was not admitted, a new trial should be granted. Plaintiff cites La. C.C.P. art. 1971, which provides that a new trial may be granted if new evidence has been uncovered which is important to the issues at hand.
Plaintiff is not entitled to a new trial. First, plaintiff did not file a motion for new trial in the trial court. Second, Dr. Flem-ming’s testimony is not new evidence. It was available to plaintiff prior to trial and he knew about it. It was incumbent upon plaintiff to ask for relief from the hearing officer, if he needed the testimony. He could have asked for a continuance or asked for the case to be | gheld open for the taking of Dr. Flem-ming’s deposition. By going to trial without any objection or request for relief and by failing to ask for a new trial in the trial court, plaintiff waived any objection or right to relief.
Accordingly, the judgment of the hearing officer is hereby affirmed.
Costs are to be paid by plaintiff.
AFFIRMED.

. On April 15, 1996, plaintiff filed a Motion to Recuse the hearing officer, Glynn Voisin, on the basis that he had a conflict because he was also the Acting Director of the Department of Labor for the State of Louisiana. Hearing officer Voi-sin denied the motion without referring it to another judge for hearing. After the appeal was filed and set for argument, we removed the case from the docket and remanded it for a determination of the recusal issue before another workers’ compensation hearing officer, pursuant to the rules of the Office of Workers' Compensation: La. Admin. Code, Title 40, Part 1, Chap. 21, Sec. 2151. On December 15, 1997 before Mark Zimmerman a recusal hearing was held and judgment was rendered denying the motion. Judgment was signed on January 6, 1998.