1DECUIR, Judge.
In this workers’ compensation case, Melissa Smith appeals a judgment of the workers’ compensation judge denying her weekly compensation benefits and awarding penalties, attorney fees, and certain medical expenses. For the reasons that follow, we affirm the ruling of the workers’ compensation judge.
FACTS
Melissa Smith was injured while in the course and scope of her employment at IHS/Heritage Manor of Kaplan on January 24 and 26 of 1996. Smith’s weekly wage at the time of injury was $180.00 which resulted in a compensation rate of $120.00 per week. The parties stipulated that IHS would pay $5,000.00 in penalties for improper payment of benefits. In addition, the parties stipulated that IHS owed back due benefits due to improper calculation totaling approximately $860.00. The record was held open for an exact calculation which came to $847.45. The record also reflects that $847.45 was paid by IHS on the day after trial and forwarded to Smith’s attorney.
12Smith first obtained treatment for her injury at Abrom Kaplan Memorial Hospital Emergency Room on January 26, 1996. Dr. George Desormeaux treated Smith. The medical records indicate that Smith complained of burning in her back and that Dr. Desormeaux ordered x-rays. The x-rays were normal. After his examination, Dr. De-sormeaux diagnosed Smith’s injury as acute lumbar muscle strain. He prescribed some medication, bed rest for 2-3 days, recommended a follow-up visit in 4-5 days with himself or Smith’s family physician. Smith next saw Dr. Michael Heard, on February 7, 1996. Dr. Heard noted that x-rays showed no abnormalities and concluded that Smith was suffering from back pain. He prescribed medication, recommended self-exercise, restricted her from work, approved light and sedentary activities and recommended a recheck in one week. On February 14,1996, Smith returned to Dr. Heard wearing a corset. Dr. Heard continued her restrictions and increased her medication as well as administering a Celestone and Marcaine block in the affected area. On February 28, 1996, Dr. Heard recommended lumbar CT and bone scans. On March 19, 1996, Dr. Heard saw Smith and reported that the bone and CT scans were normal. He recommended continued conservative treatment, physical therapy for two weeks, and noted that Smith had not reached maximum medical improvement. On April 30,1996, Dr. Heard administered a Celestone and Marcaine block, continued the work restriction but encouraged increased activity and scheduled a lumbar MRI. The MRI was normal. On May 20, 1996, Dr. Heard encouraged increased activity and instructed Smith on a self-exercise program. Smith did not see Dr. Heard again until August 7, 1996. At that time, Dr. Heard noted that Smith was doing her own housework and reiterated his recommendation for increased activity. He also scheduled EMG/NCV studies with Dr. Franklin. The record indicates that these tests were also negative. Smith did not return until January 20, 1997. At that time, Dr. |3Heard adjusted his work recommendation from “unable to work” to “unable to work her job,” diagnosed a soft tissue injury and recommended conservative care and pain management. Despite the fact that IHS was paying all medical expenses, Smith did not return to Dr. Heard.
In July of 1996, IHS requested that Smith see Dr. Gregory Gidman for a physical examination. She did not show up for this appointment. At trial she indicated that she had car trouble and was unable to make the appointment. IHS again requested that Smith see Dr. Gidman and scheduled an appointment in December of 1996. She failed to make that appointment as well; however, the trial record indicates that the date was changed without -notice to Smith. In May of 1997, Smith finally saw Dr. Gidman as requested by IHS. Dr. Gidman examined Smith and her diagnostic studies. He found that all *1206 of the diagnostic studies were normal and that there was no need for further studies. Dr. Gidman concluded that Smith had reached maximum medical improvement. Dr. Gidman did recommend that Smith not do more than medium duty work. However, he specifically indicated that this limitation was due to her petite stature (5’ and 118 lbs) and totally unrelated to her lumbar strain.
The workers’ compensation judge concluded that Smith had failed to prove by clear and convincing evidence that she was temporarily totally disabled. The court also found that Smith testified she could do work (though not her previous job) and, therefore, she was not entitled to further benefits except for one week of benefits that IHS admitted it had failed to pay. The judge also awarded attorney fees in the amount of $750.00 and the stipulated penalties. Of this amount, $250.00 was specifically attributed to the collection of the one week of unpaid benefits. The judge declined to reimburse IHS for the nine months of benefits between its first request that Smith seejJDr. Gidman and May 1997, or the cost of the no show appointments, finding her excuses credible. Smith lodged this appeal.
BURDEN OF PROOF AND ENTITLEMENT TO BENEFITS
Smith contends by her first and second assignments that the workers’ compensation judge erred in requiring her to prove her entitlement to benefits by clear and convincing evidence, and in finding that she was not entitled to benefits. The crux of her argument is that the workers’ compensation judge required her to prove that she was entitled to supplemental earnings benefits by clear and convincing evidence when the proper burden is preponderance of the evidence. We disagree.
In her reasons for ruling, the workers’ compensation judge clearly stated that a claimant must prove entitlement to temporary total disability benefits by clear and convincing evidence. She found that Smith had not met this burden. The workers’ compensation judge then stated that, “Moreover, Smith testified that she is able to work, albeit work other than her pre-injury duties. Therefore, no further benefits, after May 1997, are due Smith except for the first week of benefits that IHS admitted had not been paid.” This is where the hearing officer addresses supplemental earnings benefits.
In order to recover SEB, an employee must first prove by a preponderance of the evidence that as a result of a work injury she is unable to earn wages equal to 90% or more of the wages earned before the accident. La.R.S. 23:1221(3)(a); Daigle v. Skerwin-Williams Co., 545 So.2d 1005 (La.1989). In the present case, the workers’ compensation judge took judicial notice that the prevailing minimum wage is 65 cents higher than Smith’s pre-injury wage, Smith admitted that she could work (though not at her previous job), she presented no objective evidence of injury, she had not seen her treating physician for nine months prior to trial, and Dr. Gidman (the last physician to |ssee her) indicated that she had reached maximum medical improvement and needed no further treatment. The only evidence presented by Smith was her subjective complaint that she was still in pain. The workers’ compensation judge then was faced with evaluating the medical evidence and Smith’s credibility. The workers’ compensation judge concluded that she had not met her burden of proof.
In order to set aside the ruling of a workers’ compensation judge, an appellate court must conclude from the record that a reasonable factual basis did not exist for the judge’s findings and that said findings were clearly wrong. Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95); 657 So.2d 449. Assessments of credibility of witnesses or the weight of medical evidence should not be disturbed on appeal unless clearly wrong. Huntsberry v. Martin Mills, Inc., 97-641 (La.App. 3 Cir. 12/10/97); 704 So.2d 356. Accordingly, we find no error in the workers’ compensation judge’s ruling. Smith did not prove that she is unable to earn 90% of her pre-injury wage by a preponderance of the evidence and it is clear from the record that the workers’ compensation judge applied the appropriate burden of proof.
*1207 Furthermore, Smith’s argument that the burden of proof shifts to the employer when an employee cannot return to her previous employment and is not earning income is of no avail. See Tassin v. Cigna Ins., Co., 588 So.2d 1222 (La.App. 3 Cir.1991). In this case, Smith’s own testimony regarding her ability to work combined with the prevailing minimum wage and the medical evidence met the employer’s burden of proof.
BACK DUE WEEKLY COMPENSATION
By this assignment Smith contends that the workers’ compensation judge erred in failing to award back due compensation benefits. We disagree.
|6The court is somewhat baffled by this assignment. The record clearly reflects that payment for back due compensation was made by IHS. We are certain that counsel for Ms. Smith read the record, if not his mail, before filing a brief with this court. The record was held open awaiting a copy of the final calculation of the back due payments which were paid the day after trial in the amount of $847.45. Because we have the utmost respect for the high ethical standards of the advocates who appear before us, we assume that counsel for Ms. Smith has raised this issue in error. Accordingly, we find this assignment to be moot.
ATTORNEY FEES
Smith argues by this assignment that the workers’ compensation judge erred in awarding only $750.00 in attorney fees given the arbitrary and capricious behavior of the defendant. We disagree.
An award of attorney fees is only made for that portion of the claim which resulted in an award. Williams v. Hospital Serv., Inc., 95-214 (La.App. 5 Cir. 9/20/95); 663 So.2d 749, writ denied, 96-0192 (La.3/15/96); 669 So.2d 418. The workers’ compensation judge indicated in oral reasons that $250.00 in attorney fees was owed for the recovery of the one week of unpaid compensation. The parties agree that the award of $750.00 for the recovery of the $847.45 in miscalculated back due compensation was intended to be an additional award. Accordingly, the judgment of the workers’ compensation judge is amended to reflect a total of $1,000.00 in attorney fees. In regard to Smith’s request for additional attorney fees, we find no error in the workers’ compensation judge’s award as amended.
^CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed as amended. All costs of this appeal are taxed to appellant, Melissa Smith.
AFFIRMED AS AMENDED.